CENTURY INDEMNITY CO. v. UNITED STATES.

No. 49382.

United States Court of Claims.

March 4, 1952.

---

Edwin J. McDermott, Philadelphia, Pa., for plaintiff.

Gilbert E. Andrews, Washington, D. C., and Holmes Baldridge, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN, and HOWELL, Judges.

WHITAKER, Judge.

The Allied Clothing Company entered into a contract with defendant to manu-

facture and deliver 25,000 olive drab field jackets at the price of $1.90 each, to be delivered in certain installments at stated times. For failure to deliver on time the contract gave the defendant the right to terminate it.

All of the jackets were due to be delivered by June 29, 1943. By July 10 only 15,478 of the total of 25,000 had been delivered, and, in consequence, the defendant terminated the contract, and contracted with another to supply the deficit.

Of all this the Allied Clothing Company does not complain. The complaint made in this case is by the Century Indemnity Company. This company was the surety for the Allied Clothing Company on a supplemental contract providing for advance payments to the Allied Clothing Company in anticipation of amounts expected to become due it under its prime contract. The surety bound itself to secure performance by the Allied Clothing Company of its obligation under the supplemental agreement. It bound itself to this and to nothing more. The condition of its bond was as follows:

"Whereas, the Government has entered into a contract supplemental to the aforesaid principal contract, such supplemental contract being dated January 15, 1943 and authorizing advance payments to the contractor of sums not to exceed fourteen thousand, two hundred fifty dollars ($14,-250) or Thirty percentum (30%) of the contract price, as it may be amended, whichever shall be the smaller.

"Now therefore, If the principal shall well and truly perform and fulfill all the undertakings, covenants, terms, conditions, and agreements of said supplemental contract relating to advance payments during the original term of said supplemental contract relating to advance payments and any extensions thereof that may be granted by the Government, with or without notice to the surety, and during the life of any guaranty required under the contract, and shall also well and truly perform and fulfill all the undertakings, covenants, terms, conditions and agreements of any and all duly authorized modifications of said supplemental contract relating to advance pay-ments that may hereafter be made, notice of which modifications to the surety being hereby waived, then, this obligation to be void; otherwise to remain in full force and virtue."

The bond was given to secure performance of the supplemental agreement.

That agreement provided in pertinent part: "Article 4. * * * In the event of cancellation or termination of the principal contract because of the fault of the Contractor, the Contractor, notwithstanding any ultimate rights to be reimbursed, agrees to return to the Government, upon demand, without set-off of any sums alleged to be due the Contractor, the unliquidated balance of any advance payment. * * *"

Under this supplemental agreement the defendant advanced to the Allied Clothing Company $14,250.00. When its contract was terminated the Allied Clothing Company had not returned to the defendant $6,-217.97 of the $14,250.00 advanced, and demand therefor was made on the surety, the plaintiff herein.

At first, the demand was not for the full amount of this deficit. Credit against it was given for amounts the defendant admitted it owed the Allied Clothing Company on the original contract. But the surety refused to pay the amount demanded, claiming that sufficient credit had not been given.

The defendant then demanded the full amount of the deficit in the advance payment, without any credit for the amount it admitted it owed on the original contract with the Allied Clothing Company. This it would seem it had the right to do, since Article 4 obligated the contractor "to return to the Government, upon demand, *without set-off of any sums alleged to be due the contractor,* the unliquidated balance of any advance payment." [Italics ours.] It was to secure the performance of this agreement that the bond was given.

The plaintiff did not pay the full amount of the deficit, but only the amount of it less the credits the defendant admitted the Allied Clothing Company was entitled to.

Now plaintiff says defendant did not give Allied Clothing Company all the credits it was entitled to, and it sues for the amount of these additional credits.

The fallacy in plaintiff's claim is that it was not a surety on a performance bond, but only on the agreement to reimburse the advance payments made. It guaranteed that it would reimburse defendant for "the unliquidated balance of any advance payments" made and this "without set-off of any sums alleged to be due the contractor" [Allied Clothing Company]. It could discharge its obligation only by payment of the unrepaid balance of the amount advanced, without the deduction of any sum due the contractor.

But the defendant required not so much of it; it acquiesced in its repayment of the deficit in the advance payment less the amount it admitted it owed the Allied Clothing Company. Certainly the surety is entitled to no more.

It may or may not be the defendant did not give the Allied Clothing Company sufficient credit for the jackets only partially finished; it may or may not be it should not have charged it with excessive material used; and, perhaps, should have given it credit for the saving effected in obtaining the remaining jackets under the original contract; but of what concern is this to the plaintiff? Its obligation was to secure reimbursement of the unpaid balance of the advance payment. With the rest of the contract it was not concerned. Certainly defendant could not hold it liable for the failure of the Allied Clothing Company to perform its original contract, since it was surety only on the supplemental contract relating to the return of the advance payments. And, by the same token, plaintiff is not subrogated to any rights the Allied Clothing Company may have had under its original contract. It was not surety thereon.

Plaintiff's petition will be dismissed.

JONES, Chief Judge, and HOWELL, MADDEN, LITTLETON, Judges, concur.